EQUITY UNION CREAMERY & MERCANTILE EXCHANGE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10391.   Promulgated November 29, 1927.

*Charles Kershenbaum, C. P. A.*, for the petitioner.
*M. E. McDowell, Esq.*, for the respondent.

OPINION.

SMITH : The deficiency herein complained of was assessed by the respondent against the petitioner in April, 1925. Claim for abatement was duly filed and upon the rejection of a portion of the abatement claim the petitioner filed its appeal with this Board. The Board has jurisdiction to redetermine the deficiency under section 283 (b) of the Revenue Act of 1926.

It is the contention of the petitioner that the collection of the rejected portion of the abatement claim is barred by the statute of limitations; that more than 5 years had elapsed from the date of the filing of the petitioner's return for the fiscal year ended November 30, 1918, to the date of the final adjudication of the abatement claim; and that the "income and profits tax waiver" filed on February 11, 1924, was invalid on the ground that the general manager did not have authority to execute the consent.

Section 239 of the Revenue Act of 1918 provides:

That every corporation subject to taxation under this title * * * shall make a return, stating specifically the items of its gross income and the deductions and credits allowed by this title. The return shall be sworn to by the president, vice president, or other principal officer and by the treasurer or assistant treasurer. * * *

The only return filed by the petitioner for the fiscal year ended November 30, 1918, complying with the above quoted portion of the statute, was filed on November 13, 1922. *Pilliod Lumber Co.,* 7 B. T. A. 591. Five years had not elapsed from that date to the adjudication of the abatement claim by the Commissioner on November 12, 1925, or to the date of the filing of the petition with this Board, namely, December 28, 1925. In view of this situation the statute of limitations had not operated to bar the collection of the

deficiency and it is not necessary to consider the merits of the contentions of the petitioner with respect to the invalidity of the consent filed on February 11, 1924.

The petitioner claims the right to deduct from gross income a dividend of 5 per cent paid upon the capital stock of the petitioner during the taxable year. Claim is made that this represented interest for the use of money. This point must be ruled adversely to the claims of the petitioner in view of the decisions of the Board in *Appeal of Sacred Heart Cooperative Mercantile Co.*, 2 B. T. A. 24, and *Appeal of Farmers Cooperative Association*, 5 B. T. A. 61.

*Judgment will be entered for the respondent.*

Considered by LITTLETON, TRUSSELL, and LOVE.